[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2000
THOMAS K. KAHN
CLERK

_____

No. 98-3733

_____

D. C. Docket No. 97-00930-CV-J-20C

WHITE'S PLACE, INC. d.b.a. The Gold Club,

Plaintiff-Appellant,

versus

NATHANIEL GLOVER, in his official capacity as Sheriff of
the City of Jacksonville, CITY OF JACKSONVILLE, a
Florida municipal corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 18, 2000)**

Before BIRCH, FAY and KRAVITCH, Circuit Judges.

BIRCH, Circuit Judge:

This appeal presents the issue of whether a corporation has standing to bring a First Amendment facial overbreadth challenge to a city ordinance that prohibits individuals from opposing a police officer. The corporation sought a preliminary injunction preventing enforcement of the ordinance in district court, which the district judge denied on the merits. Because we find that the corporation lacks standing to assert its challenge to the city ordinance we VACATE and REMAND.

## I. BACKGROUND

Plaintiff-appellant, White's Place, Inc. ("White's Place"), is a corporation that owns and operates The Gold Club in Jacksonville, Florida. The club presents nude dancing for entertainment. This appeal arises out of broader litigation in which White's Place sought relief from enforcement of a Jacksonville adult entertainment ordinance. In its amended complaint, White's Place requested declaratory relief on the grounds that Jacksonville's ordinance prohibiting opposition to a police officer is over broad and void for vagueness.[1] See Jacksonville, Fl. Code § 601.06. Section 601.06 provides that it is a misdemeanor "for any person to resist or oppose a police officer . . .in the discharge of his duties

---

[1] The incident that prompted the challenge to § 601.06 involved a demonstration in front of the club by employees protesting an adverse state court ruling affecting the ability of the employees to dance nude. An officer responded to the scene and there is a factual dispute as to what transpired between the officer and the protesters. No one was arrested. The facts are irrelevant to our analysis, except insofar as we note that the dispute involved a demonstration on a public street and did not involve activity inside the club.

under the laws of the City." Id. White's Place also sought a preliminary injunction barring enforcement of the ordinance for the duration of its suit against the Sheriff and City of Jacksonville. Concluding that White's Place did not demonstrate a substantial likelihood of success on the merits of its First Amendment complaint, the district judge denied the preliminary injunction. On appeal, we asked the parties to address the threshold issue of whether White's Place has standing to challenge the city ordinance.

## II. STANDING

Prior to reaching the merits of the appeal brought by White's Place, we first must determine whether a corporation has standing to bring a challenge to the ordinance. We cannot proceed without determining that standing exists, even if both parties concede jurisdiction. See Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991); see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230, 110 S. Ct. 596, 607, 107 L. Ed. 2d 603 (1990) ("[W]e are required to address the issue [of standing] even if the courts below have not passed on it . . . .").

We have recognized, and logic dictates, that there are "two possible theories under which a corporation might bring a civil rights action: (1) to protect the rights of its members; or (2) to protect its own rights as a corporate institution." Church

3

of Scientology of California v. Cazares, 638 F.2d 1272, 1276 (5th Cir. 1981).[2]

Applying this reasoning in the context of this First Amendment challenge, White's

Place must establish that it has standing to sue either on its own behalf or on behalf

of its members. We address each of these possibilities in turn.

A. Traditional Standing

In order to sue on its own behalf, White's Place must demonstrate that the

standing requirements of Article III are satisfied and that it has presented a

justiciable controversy. The elements of standing are well established.

> [A] plaintiff must show (1) it has suffered an "injury in fact" that is (a)
> concrete and particularized and (b) actual or imminent, not conjectural or
> hypothetical; (2) the injury is fairly traceable to the challenged action of the
> defendant; and (3) it is likely, as opposed to merely speculative, that the
> injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc., ___ U.S. ___,

___, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000). The burden is on the party

seeking to exercise jurisdiction to allege and then to prove facts sufficient to

support jurisdiction. See FW/PBS, Inc., 493 U.S. at 231, 110 S. Ct. at 608.

The Supreme Court has relaxed traditional rules of standing for facial

challenges in the First Amendment area, by "'no[t] requir[ing] that the person

---

[2]In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.'" Broadrick v. Oklahoma, 413 U.S. 601, 612, 93 S. Ct. 2908, 2916, 37 L. Ed. 2d 830 (1973) (quoting Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S. Ct. 1116, 1121, 14 L. Ed. 2d 22 (1965)). We will not force a plaintiff to choose between intentionally violating a law to gain access to judicial review and foregoing what he or she believes to be constitutionally protected activity in order to avoid criminal prosecution. See Leverett v. City of Pinellas Park, 775 F.2d 1536, 1538 (11th Cir. 1985) (per curiam). Nevertheless, the threat of prosecution under the ordinance at issue must be genuine; speculative or imaginary threats will not confer standing. See id.; see also United Public Workers of Amer. (C.I.O.) v. Mitchell, 330 U.S. 75, 89, 67 S. Ct. 556, 564, 91 L. Ed. 754 (1947) (stating that concrete issues, not abstractions, need to be presented for the exercise of judicial power to be appropriate).[3]

White's Place argues that it has demonstrated a genuine threat of prosecution because of the threatened arrest of its employees while they were engaged in demonstrations in front of the club owned by the corporation. At most, this is an

---

[3]In addition, overbreadth claims frequently have been limited when invoked against criminal laws, with courts preferring to examine whether the specific conduct at issue falls within the legitimate scope of the criminal statute, rather than entertain a broad challenge to the statute at issue. See Broadrick, 413 U.S. at 613-14, 93 S. Ct. at 2917 (providing examples of cases in which the courts have decided the narrower question and not addressed the constitutionality of the statute).

argument in support of associational standing, which we address infra. The corporation also asserts that it need not demonstrate that its own rights are affected by the allegedly unconstitutional ordinance in order to present successfully a facial challenge on overbreadth grounds. In determining whether standing exists, however, we must "focus[] on what the ordinance seeks to regulate rather than on what the individual seeks to protect." Id. "A court can be most certain that a constitutional challenge grows out of a genuine dispute where the allegedly unconstitutional statute interferes with the way the plaintiff would normally conduct his or her affairs." Id. at 1539.

White's Place is a corporation which provides nude dancing in its club. It is difficult to discern how the normal conduct of the corporation's affairs will involve opposition to police officers. Even if employees of the establishment do oppose a police officer and are arrested, any criminal charges are personal in consequence. The corporation itself has not, and could not, be arrested for opposing a police officer. "[E]ven in a first amendment context the injury-to-the-plaintiff requirement cannot be ignored." Hallandale Prof'l Fire Fighters, 922 F.2d at 760 (citing Laird v. Tatum, 408 U.S. 1, 92 S. Ct. 2318, 33 L. Ed. 2d 154 (1972) for the proposition that facial challenges under the First Amendment are not justiciable where injuries alleged are too speculative). Any hypothetical injury to the

corporation is too speculative to provide a basis for standing. Because we find that White's Place lacks standing to challenge the ordinance in its own right, jurisdiction fails unless the corporation can be deemed to have associational standing to bring a facial challenge on behalf of its agents or employees.

B. Associational Standing

White's Place argues that standing also can be based on its representation of the interests of its employees and agents, who have been threatened with arrest under the applicable ordinance. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., ___ U.S. ___, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000) (citing Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977)).

The corporation creatively asserts that its purpose is "dedicat[ion] to the dissemination of erotic speech, which is protected by the First Amendment" and that, consequently, "protection of First Amendment freedoms is certainly within the ambit of the interests of White's Place, Inc." Appellant's Supplemental Brief at

6.  We agree with the reasoning of the Fifth Circuit that a business may assert the First Amendment rights of its employees where "violation of those rights adversely affects the financial interests or patronage of the business." Hang On, Inc. v. City of Arlington, 65 F.3d 1248, 1252 (5th Cir. 1995); see e.g., David Vincent, Inc. v. Broward County, 200 F.3d 1325 (11th Cir. 2000) (ruling on the merits where a corporation operating an adult bookstore challenged zoning and licensing ordinances that applied to adult businesses).

In contrast, the ordinance being challenged here does not directly relate to the interests of the business.  White's Place is a corporation whose primary purpose is to present erotic dancing for profit.  The restriction on speech at issue in this appeal, the ability to oppose a police officer legitimately through spoken words, is not related sufficiently to the organization's purpose.  The participation of an individual employee who has been threatened with arrest is necessary.  Without such participation, standing, and, therefore, jurisdiction in this court is lacking.[4]

### III.  CONCLUSION

White's Place has challenged the denial of a preliminary injunction barring enforcement of Jacksonville's ordinance prohibiting the opposition of a police

---

[4]Nothing in this opinion should be read to preclude White's Place from moving to implead an individual plaintiff on remand.

officer. Because the corporation does not have standing to challenge the statute, we VACATE the district judge's order and REMAND to the district court for further proceedings consistent with this opinion.